# Exhibit "A"
# Notice of Removal

 CT Corporation

**Service of Process Transmittal**
08/24/2015
CT Log Number 527697653

**TO:**   Joshua Welker
FirstGroup America, Inc.
600 Vine St Ste 1400
Cincinnati, OH 45202-2426

**RE:**   **Process Served in California**

**FOR:**   FIRST STUDENT, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | James Motty, etc., Pltf. vs. First Student, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Addendum and Statement, Notice, Stipulation, Stipulation and Order, Discovery Conference |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA |
| | Case # BC591518 |
| **NATURE OF ACTION:** | Employee Litigation - Plaintiff claims for willful failure to pay regular wages, Failure to pay minimum wage as well as failure to furnish accurate wage |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/24/2015 at 14:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | MICHAEL H. BOYAMIAN |
| | LAW OFFICES OF THOMAS W. FALVEY |
| | 550 North Brand Boulevard, Suite 1500 |
| | Glendale, CA 91203-1922 |
| | 818-547-5200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/25/2015, Expected Purge Date: 08/30/2015 |
| | Image SOP |
| | Email Notification,  Joshua Welker  joshua.welker@firstgroup.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street |
| | Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / KC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FIRST STUDENT, INC., an entity and DOES 1 through
100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
 JAMES MOTTY, an individual, individually and on
behalf of all others similary situated.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

AUG 18 2015

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

8/24/15
2:55 pm

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
111 North Hill Street
Same as Above
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso)* **BC 591518**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICES OF THOMAS W. FALVEY           (818) 547-5200
Thomas W. Falvey, SBN 65744
550 N. Brand Boulevar, Suite 1500
Glendale, CA 91203

DATE:             ~~SHERRI R. CARTER~~
*(Fecha)*

Clerk, by ~~Kristina Vargas~~                    , Deputy
*(Secretario)*                                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

AUG 18 2015

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* FIRST STUDENT, INC

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*

4. ☑ by personal delivery on *(date):* 8/24/15

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

AUG 18 2015

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

LAW OFFICES OF THOMAS W. FALVEY
THOMAS W. FALVEY (SBN 65744)
MICHAEL H. BOYAMIAN, SBN 256107
ARMAND KIZIRIAN, SBN 293992
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone: (818) 547-5200
Email: thomaswfalvey@gmail.com, mike.falveylaw@gmail.com

THE GILLAM LAW FIRM
*A Professional Law Corporation*
CAROL L. GILLAM (SBN 102354)
SARA HEUM (SBN 288136)
11620 Wilshire Blvd, Suite 900
Los Angeles, CA 90025
Telephone: (310) 203-9977
Fax: (310) 203-9922
carol@gillamlaw.com, sara@gillamlaw.com

Attorneys for Plaintiff James Motty,
individually and on behalf of all others
similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JAMES MOTTY, an individual, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST STUDENT, INC., an entity and DOES 1through 100, inclusive, <br><br> Defendants. | Case No.: **BC 591518** <br><br> [Class Action] <br><br> **COMPLAINT** <br><br> 1.    Willful Failure to Pay Regular Wages (Lab. Code §§ 201, 202, & 203) <br><br> 2.    Failure to Pay Wages When Due (Lab. Code § 204) <br><br> 3.    Failure to Pay Minimum Wage (Lab. Code §§ 1194, 1194.2, 1198, Wage Order No. 9-2001) <br><br> 4.    Failure to Furnish Accurate Wage <br><br> 5.    Waiting Time Penalties (Cal. Lab. Code §§ 201-203) |

1

6.  Unfair Competition
    (Bus. & Prof. Code § 17200 et seq.)

7.  Breach of Oral Contract

DEMAND FOR JURY TRIAL

Plaintiff JAMES MOTTY ("Plaintiff" or "Mr. Motty"), upon information and belief, alleges the following on his own behalf as well as on behalf of all others similarly situated, and on behalf of his fellow employees. Specifically, Plaintiff brings his claims for unpaid wages for off-the-clock work, failure to pay minimum wage, inaccurate paycheck statements, failure to pay all wages due upon the end of employment, unfair business practices claims and breach of oral contract as a class action, pursuant to California Code of Civil Procedure § 382 and Business & Professions Code §§ 17203 and 17204, on behalf of the Class, as defined in Paragraph 11 below, against Defendant FIRST STUDENT, INC., a corporation, and DOES 1 through 100 (collectively, "Defendants"). Plaintiff therefore alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over all causes of action herein pursuant to the California Constitution, Article VI, § 10, California Code of Civil Procedure § 410.10 and Business and Professions Code § 17203.

2.    Venue is proper in this Court under California Code of Civil Procedure §§ 395 and 395.5 because Defendants operate in this County, Plaintiff JAMES MOTTY resides in and/or worked in this county and the injuries that are the subject of this lawsuit arose in this county.

## PARTIES

3.    Plaintiff JAMES MOTTY ("Plaintiff" or "Mr. Motty") worked as a school bus driver for Defendant FIRST STUDENT, INC., out of FIRST STUDENT INC.'s

2

Pasadena yards for at least 12 years. Plaintiff resided in the County of Los Angeles, State of California at all times material to this complaint.  Plaintiff performed duties in Los Angeles County during the four years preceding the filing of this action.

4.      Upon information and belief, and at all times material to this complaint, Defendant FIRST STUDENT, INC. is and was an entity doing business in California. Plaintiffs are informed and believe, and thereupon allege, that at all times material herein Defendant FIRST STUDENT, INC. ("FIRST STUDENT") was Plaintiff's employer. Upon information and belief, FIRST STUDENT and its affiliated entities operate school buses and other buses throughout the United States, Canada and elsewhere.

5.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-100, inclusive, and therefore sues these Defendants by such fictitious names and capacities. Plaintiff is informed and believes, and on that basis alleges, that each Defendant sued under such fictitious names is in some manner responsible for the occurrences herein alleged.

6.      Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each of the defendants was functioning as the agent, servant, partner, employee and/or working in concert with his, her or its co-defendants and was acting within the course and scope of such agency, partnership, employment and/ or concerted activity. To the extent that certain acts and omissions were perpetrated by certain defendants, the remaining defendants condoned, authorized and ratified said acts and omissions of the co-defendants, and in doing the actions mentioned below was acting within the course and scope of his, her or its authority as such agent, servant, partner, and employee with the permission, consent and ratification of the co-defendants.

7.      Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each Defendant was completely dominated and controlled by his, her or its co-defendant, and each was the alter ego of the other.

8.      Whenever and wherever reference is made in this complaint to any act or failure to act by a defendant or defendants, such allegations and reference shall also be

3

1  deemed to mean the acts and failures to act of each defendant acting individually, jointly,

2  and severally. Whenever and wherever reference is made to individuals who are not

3  named as a plaintiff or a defendant in this complaint but who were employees/agents of

4  FIRST STUDENT, such individuals at all relevant times acted on behalf of FIRST

5  STUDENT within the course and scope of their employment.

6        9.    Plaintiff is informed and believe sand thereupon alleges that, at all times

7  material herein, Defendants, and/or their agents/employees knew or reasonably should

8  have known that unless they intervened to protect Plaintiff, and to adequately supervise,

9  prohibit, control, regulate, discipline, and/or otherwise penalize the conduct of partners,

10  members, employees of FIRST STUDENT, set forth above, the remaining Defendants

11  and employees perceived the conduct and omissions as being ratified and condoned.

12

13  **FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION**

14        10.    Since 2007 and earlier, Defendants employed Plaintiff and others as school

15  bus drivers in California. Defendants did not pay the school bus drivers for all time

16  worked, including all time during which the school bus drivers were subject to

17  Defendants' control, including but not limited to all time that the school bus drivers were

18  suffered or permitted to work, whether or not required to do so. *Morillon v. Royal*

19  *Packing Co.* (2000) 22 Cal.4th 575, 578.

20

21  **CLASS ACTION ALLEGATIONS**

22        11.  Plaintiff brings these claims as a class action under the provisions of the

23  California Labor Code, California Code of Regulations and the California Unfair

24  Competition Law pursuant to Code of Civil Procedure § 382 and Business and

25  Professions Code §§ 17203 & 17204 to remedy wage and hour violations. Plaintiff brings

26  this action on his own behalf and on behalf of the following class of individuals (the

27  "Class Members"):

28  ////

"Plaintiff and all other persons who were employed by Defendants, or any of them, as school bus drivers out of any of Defendants' Pasadena, California yards in the State of California at any time from November 19, 2007, and continuing while this action is pending ("the Class Period"). The Pasadena yards include at least three locations known as the Montana Lot, the Lincoln Lot and the South Lot (collectively, "the Pasadena Yards").

This Class Period is calculated based upon tolling of the statute of limitations by reason of another action, *Tyrer v. First Student, Inc.*, pending in Los Angeles Superior Court as Case Number 459305.

12.    During the Class Period, in Los Angeles County, Defendants: (1) required the Class Members to work off-the-clock without compensation; (2) required the Class Members to perform work besides driving school buses; (3) required the Class Members to accept wages for a fixed number of hours per day without regard to how much time it actually took the Class Members to complete their assigned work; (4) in doing the foregoing, required the Class Members at times to work for less than the minimum wage set by law; (5) failed and refused to pay the Class Members for all work performed each pay period; (6) failed to provide the Class Members timely and accurate wage and hour statements; (7) failed to pay the Class Members their earned wages in a timely manner upon separation; (8) violated California's Unfair Competition Law ("the UCL"); (9) created onerous and time-consuming requirements for Class Members to get paid for time worked in excess of a certain amount, and rejected claims for pay even when Class Members documented the time as Defendants demanded; and (10) breached the parties' oral employment agreement. The foregoing acts and other acts by Defendants violated provisions of the California Labor Code (the "Code"), including Sections 201, 202, 203, 204, 216, 225.5, 226, 226.3, 226.7, 515, 552, 558, 1194, and 1994.2, violated the applicable Wage Order issued by the Industrial Welfare Commission of the State of

5

California (the "Wage Order") (collectively, "the Employment Laws and Regulations"), violated the UCL, and violated the Class Members' rights.

13.     The proposed class is ascertainable in that its members can be identified using information contained in Defendants' payroll and personnel records.

14.     Defendants,' and each of their conduct violated the Employment Laws and Regulations. Defendants,' and each of their systematic acts and practices also violated, *inter alia*, California Business & Professions Code Section 17200, *et seq.*

15.     <u>Numerosity.</u>  The Class Members are so numerous and geographically dispersed that joinder of each individual class member would be impracticable, and the disposition of their claims in a class action, rather than numerous individual actions, will benefit the parties, the Court and the interests of justice.

16.     <u>Commonality.</u>  There is a well-defined community of interest in the questions of law and fact involved in this action because Defendants' failure to pay Class Members their earned wages or afford them the protections required under the Employment Laws and Regulations affects all class members. Common questions of law and fact predominate over questions that affect only individual Class Members because all Class Members' duties and activities have been controlled and directed by Defendants. The predominate questions of law and fact include, but are not limited to,

     a.     Whether Defendants' conduct violated the Employment Laws and Regulations, by

          (i)  failing to pay Plaintiff and the Class Members for all hours worked;

          (ii) failing to pay Plaintiff and the Class Members in a timely fashion for each pay period;

          (iii)  failing to compensate Plaintiff and the Class Members within the time prescribed by law upon termination or resignation;

          (iv)  failing to provide Plaintiffs and the Class Members with timely and accurate wage and hour statements; and

6

(v) failing to maintain complete and accurate payroll records for Plaintiffs and the Class Members;

b.       Whether Defendants devised a scheme and plan to circumvent California wage and hour laws;

c.       Whether Defendants unlawfully required Plaintiff and Class Members to document actual time spent in a time-consuming manner, while failing and refusing to pay Plaintiff and Class Members for the time spent to document the time worked, and often rejected the documentation, so as to discourage Plaintiff and Class Members from submitting documentation to get paid for the additional time worked;

d.       Whether Defendants' conduct was willful;

e.       Whether Defendants' conduct was knowing;

f.       Whether Defendants' conduct was fraudulent and deceitful;

g.       Whether Defendants' conduct was despicable in that it was carried on with a willful and conscious disregard of the rights of others;

h.       Whether Defendants' conduct was oppressive in that it subjected people to cruel and unjust hardship in conscious disregard of the rights of others;

i.       Whether Defendants' conduct was fraudulent in that it consisted of intentional misrepresentations, deceit, or concealment of a material fact known to Defendants with the intention of thereby depriving a person of property or legal rights or otherwise causing injury;

j.       Whether Defendants' systematic acts and practices violate, *inter alia*, California Business &Professions Code Section 17200, *et seq*.; and

k.       Whether Plaintiffs and the members of the Class described in Paragraph 11 above are entitled to the injunctive relief sough herein.

7

17. **Typicality.** Plaintiff's claims are typical of those of other Class Members because all Class Members share the same or similar employment duties and activities and all have been denied the benefits and protections of the Employment Laws and Regulations in the same manner. As Defendants have uniformly applied the same labor staffing guidelines and payroll policies to Class Members, Plaintiff's claims are typical of the claims of all Class Members. Plaintiff's claims are also typical because they suffered the same damages as those suffered by all Class Members. Moreover, Plaintiff has no interests antagonistic to those of the Class Members, and Defendants have no defenses unique to Plaintiff in connection with the Class claims.

18. **Adequacy of Representation.** Plaintiff can fairly and adequately represent And protect the interests of all Class Members in that he does not have any disabling conflicts of interest which are antagonistic to those of all other Class Members. Plaintiff seeks no relief which is antagonistic or adverse to the other Class Members, and the infringement of their rights and the damages they have suffered are typical of all other Class Members. Plaintiff's counsel are competent and experienced in litigating class actions and collective actions in California based on employers' violations of the Employment Laws and Regulations and have repeatedly been named Class Counsel by the courts of this state.

19. **Superiority of Class Action:** The nature of this action and the nature of remedies available to Plaintiff and the other Class Members in this putative Class make use of the class action a particularly efficient, effective and superior procedure because:

    a.    For many of the Class Members, individual actions or other individual remedies would be impracticable and litigating individual actions would be too costly;

    b.    The action involved a large corporate employer and a large number of individual employees, many with relatively small claims and all with common issues of law and fact;

    c.    If the Class Members are forced to bring individual lawsuits, the

corporate defendant would necessarily gain an unfair advantage due to its ability to exploit and overwhelm the limited resources of individual Class members with its vastly superior financial and legal resources;

      d.    The costs of individual suits would likely consume the amounts recovered;

      e.    Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by current employees of Defendants, who would be disinclined to pursue an action against their present employer due to an appreciable and justified fear of retaliation and permanent damage to their immediate and/or future employment; and

      f.    Common business practices that Plaintiff experienced are representative of those experienced by all Class Members and can establish the right of all Class Members to recover on the alleged claims.

20.    The duties and business activities of the proposed class action "Class Members" were essentially the same or very similar to the duties and activities of Plaintiff described above. At all times during the Class Period, all of the Class Members were employed in the same or similar job as the Plaintiff and were paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

21.    The Class Members, like Plaintiff, all were subject to the same unlawful policy or plan to have them perform "off-the-clock" uncompensated work, and not paid for work performed before the start and after the end of their normal shifts, and not paid minimum wages for all hours worked.

22.    During the Class Period, Defendants were fully aware that Plaintiff and the Class Members were performing "off-the-clock" uncompensated work, and that Plaintiff and the Class Members were not paid for work performed before the start and after the end of their normal shifts, and not paid minimum wages for all hours worked.

23.    Defendants' violations of the Employment Laws and Regulations were repeated, willful and intentional.

CLASS ACTION COMPLAINT OF JAMES MOTTY

24.     Plaintiff and the Class Members have been damaged by these violations of the Employment Laws and Regulations.

25.     Defendants are liable to Plaintiff and the Class Members for the full amount of all their earned but unpaid wages, interest, attorneys fees and costs of the Plaintiffs and the Class Members.

26.     While the exact number of Class Members is unknown to Plaintiff at the present time, based on information and belief, there are more than 50 such persons. A class action is the most efficient mechanism for resolution of the claims of the Class Members.

27.     In addition, a class action is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by individual Class Members may be relatively small, and the expense and burden of individual litigation would make it impossible for such Class Members individually to redress the wrongs done to them. Moreover, because of the similarity of the Class members' claims, individual actions would present the risk of inconsistent adjudications subjecting the Defendants to incompatible standards of conduct.

28.     Plaintiff is currently unaware of the identities of all the Class Members. Accordingly, Defendants should be required to provide to Plaintiff a list of all persons employed as school bus drivers in California for the entire limitations period prior to the filing of this complaint until the present, stating their last known addresses and telephone numbers, so that Plaintiff can give such Class Members notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

## FACTUAL ALLEGATIONS

29.     During the time Plaintiff was employed by Defendants, Defendants failed and refused to pay Plaintiff for all hours worked ("off-the-clock" work), including but not limited to time worked before and after the official start and end times of their shifts.

////

10

30.     During Plaintiff's employment with Defendants, Plaintiff was regularly required to work more than the hours specified. Defendants regularly failed and refused to fully compensate Plaintiff for the additional hours he worked, in violation of law.

31.     During Plaintiff's employment with Defendants, Plaintiff was not always paid for all hours worked within the time prescribed by law.

32.     At the end of Plaintiff's employment, Plaintiff was not paid all wages due them in the time required by law.

33.     Plaintiff seeks injunctive relief in the form of an order prohibiting Defendants from requiring school bus drivers to work without compensation for all hours worked, from failing to pay school bus drivers minimum wage, and from failing to pay school bus drivers all wages due at the termination of their employment.

34.     Plaintiff seeks payment of all wages owed, all benefits required pursuant to the Employment Laws and Regulations, plus penalties and interest, owed to school bus drivers. Plaintiffs also seek attorney's fees and costs as provided by statute.

35.     During Plaintiff's employment with Defendants, Defendants failed and refused to provide Plaintiff with timely and accurate wage and hour statements in violation of law, thereby causing them harm.

36.     Plaintiff seeks restitution and disgorgement of all sums wrongfully obtained by Defendants through unfair business practices in violation of California's Business and Professions Code Sections 17200, *et seq.*, to prevent the Defendants from benefitting from their violations of law and/or unfair acts. Such sums recovered under the Unfair Competition Act and Unfair Businesses Act are equitable in nature and are not to be considered damages. Plaintiffs are also entitled to costs, attorney's fees, interest and penalties provided for by law, including by the California Labor Code, the California Business & Professions Code, and California Code of Civil Procedure Section 1021.5.

////

////

////

11

## FIRST CAUSE OF ACTION

**(Willful Failure to Pay Regular Wages – Cal. Labor Code §§ 201, 202 & 203) (By Plaintiff Individually and on Behalf of all Class Members Against FIRST STUDENT and Does 1-100, inclusive)**

37.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

38.     Plaintiff brings this action to recover unpaid compensation for all hours worked.

39.     Defendants' conduct described in this Complaint violates, among other things, Labor Code Sections 200, 216 and 1194.

40.     Defendants failed to pay Plaintiff and the Class Members for all of the actual hours worked. Defendants knew or should have known that Plaintiff and the Class Members were working these hours.

41.     Plaintiff and the Class Members are entitled to recover the unpaid balance of compensation Defendants owe Plaintiff and the Class Members, plus interest on that amount, liquidated damages pursuant to Labor Code Section 1194.2 and reasonable attorneys fees and costs of this suit pursuant to Labor Code Section 1194. Plaintiff and the Class Members are also entitled to additional penalties and/or liquidated damages pursuant to statute.

42.     At all times material hereto, Labor Code § 558 was in full force and effect and was binding on Defendants.  This section provides for damages and civil penalties for violations of the wage and hour laws. Plaintiff and the Class Members are also entitled to the damages and civil penalties thereunder.

43.     Plaintiff and the Class Members are also entitled to penalties pursuant to Paragraph No. 20 of the applicable Wage Order which provides, in addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the

12

1  employer who violates, or causes to be violated, the provisions of the Wage Order, shall

2  be subject to a civil penalty of $50 (for initial violations) or $100 (for subsequent

3  violations) for each underpaid employee for each pay period during which the employee

4  was underpaid in addition to the amount which is sufficient to recover unpaid wages.

5      44.    As a result of Defendants' unlawful acts, Plaintiff and the Class Members

6  have been deprived of compensation in an amount according to proof at the time of trial,

7  and are entitled to recovery of such amounts, plus interest thereon and attorneys' fees and

8  costs, pursuant to Labor Code Section 1194 and all other applicable laws, in an amount

9  according to proof at the time of trial.

10      45.    Labor Code Section 201 requires payment of wages immediately upon

11  discharge. Labor Code Section 203 provides that if an employer willfully fails to pay

12  compensation promptly upon discharge, as required by Section 201, the employer is

13  liable for waiting time penalties in the form of continued compensation for up to 30 work

14  days.

15      46.    Plaintiff is entitled to attorney's fees pursuant to the Private Attorneys

16  General Act. Plaintiff has satisfied all prerequisites, including the administrative

17  exhaustion requirement, for obtaining fees under the Act.

18

19  **SECOND CAUSE OF ACTION**

20  **(Failure to Pay Wages Within Time Allowed -**

21  **Cal. Labor Code § 204 - By Plaintiff Individually and on Behalf of all Class**

22  **Members Against FIRST STUDENT and Does 1-100)**

23      47.    As a separate and distinct cause of action, Plaintiff complains and realleges

24  all of the allegations contained in this complaint, and incorporates them by reference into

25  this cause of action as though fully set forth herein, excepting those allegations which are

26  inconsistent with this cause of action.

27      48.    At all times relevant to this action, Labor Code § 204 was in effect and

28  binding on Defendants. This section requires Defendants to pay all wages due their

13

employees within a certain number of days following each pay period.

49.     Defendants have failed and refused to pay wages when due and owed to Plaintiff and the Class Members.

50.     As a direct and proximate result of such refusal, Plaintiff and the Class Members have been damaged in a sum according to proof.

51.     Plaintiff is entitled to attorney's fees pursuant to the Private Attorneys General Act. Plaintiffs have satisfied all prerequisites, including the administrative exhaustion requirement, for obtaining fees under the Act.

## THIRD CAUSE OF ACTION

**(Failure to Pay Minimum Wage - California Labor Code §§ 1194, 1194.2, 1198; IWC Wage Order No. 9-2001 - By Plaintiff Individually and on Behalf of all Class Members Against FIRST STUDENT and Does 1-100)**

52.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

53.     The Labor Code and the Wage Order provide that an employer must pay a minimum wage to an employee, which was seven dollars and fifty centers ($7.50) per hour for all regular hours worked effective January 1, 2007, eight dollars ($8.00) per hour for all regular hours worked effective January 1, 2008, and nine dollars $(9.00) per hour for all regular hours worked effective July 1, 2014.

54.     Defendants failed to pay Plaintiff and the Class Members for all time during which they were subject to Defendants' control, including but not limited to all time that they were suffered or permitted to work, whether or not required to do so. *Morillon v. Royal Packing Co.* (2000) 22 Cal.4th 575, 578.

55.     Defendants deprived Plaintiff and the Class Members of their rightfully

14

earned minimum wage compensation, as a direct and proximate result of Defendants' failure to pay the aforesaid compensation.

56.     At all times material hereto, Labor Code § 1194 was in full force and effect and was binding on Defendants. This section provides that employees may recover in a civil action the unpaid balance of the full amount of unpaid compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

57.     As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in an amount according to proof at the time of trial, and are entitled to recovery of such amounts, plus interest thereon and attorneys' fees and costs, pursuant to Labor Code Sections 1194 and other applicable laws, in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

**(Failure to Furnish Accurate Wage and Hour Statements - California Labor Code § 226 –By Plaintiff Individually and on Behalf of all Class Members Against FIRST STUDENT and Does 1-100)**

58.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

59.     Labor Code § 226(a) requires Defendants, "semimonthly or at the time of each payment of wages," to furnish Plaintiff and the Class Members with "an accurate itemized statement in writing" showing gross and net wages earned, total hours worked, rates of pay, and other information.

60.     During the Class Period, Defendants have routinely failed to provide Class Members, including Plaintiff, with timely and accurate wage and hour statements showing gross hours earned, total hours worked, all deductions made, net wages earned,

15

the name and address of the legal entity employing the school bus drivers, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

61.    The Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements required by law.

62.    Pursuant to Labor Code § 226, subsections (e) and (f), and based on Defendants' conduct as alleged herein, the Class Members including Plaintiff are entitled to (a) fifty dollars ($50) for the initial pay period in which a wage and hour statement violation occurred, and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee; (b) an additional seven hundred fifty dollar ($750) penalty for Defendants' failure to allow Plaintiff and the Class Members to timely inspect and copy pertinent records; ( c) injunctive relief to ensure Defendants' compliance with Labor Code § 226; and (d) an award of costs and reasonable attorney's fees.

63.    Defendants' conduct also entitles Plaintiff and the Class Members to seek preliminary and permanent injunctive relief, including but not limited to an order that Defendants issue wage and hour statements to the Class Members that comply with Labor Code § 226.

64.    As a consequence of Defendants' actions, Plaintiffs and the Class Members are entitled to all available statutory penalties, costs and reasonable attorney's fees, including those provided in  California Labor Code Section 226(e), as well as all other available remedies.

65.    As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in an amount according to proof at the time of trial, and are entitled to recovery of such amounts, plus interest thereon and attorneys' fees and costs, pursuant to Labor Code Sections 1194 and other applicable laws, in an amount according to proof at the time of trial.

////

16

## FIFTH CAUSE OF ACTION

**(For Waiting Time Penalties - California Labor Code §§ 201-203 - By Plaintiff Individually and on Behalf of all Class Members Against All Defendants)**

66.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

67.     During the Class Period, Defendants failed to pay accrued wages and other compensation due immediately to each Class Member who was terminated and/or laid off, and failed to pay accrued wages and other compensation due within 72 hours to Class Members who ended their employment.

68.     As a consequence of Defendants' actions, Class Members are entitled to all available statutory penalties, costs and reasonable attorney's fees, including those provided in California Labor Code Section 203, as well as all other available remedies.

69.     As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in an amount according to proof at the time of trial, and are entitled to recovery of such amounts, plus interest thereon and attorneys' fees and costs, pursuant to Labor Code Sections 1194 and 2698, in an amount according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

**(Unfair Business Practices – Business & Professions Code § 17200)**

**(Plaintiff Individually and on Behalf of the Class Against All Defendants)**

70.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

17

71.     Plaintiff brings this cause of action against Defendants as a Class Action pursuant to California Code of Civil Procedure § 382, on behalf of themselves and the Class as defined in Paragraph 12 above, excepting those allegations which are inconsistent with this cause of action.

72.     At all times mentioned herein Defendants, and each of them, were and are subject to the requirements of the Unfair Competition Law (California Business & Professions Code § 17200 et seq.), which prohibits unlawful, unfair, deceptive or fraudulent business practices.

73.     Defendants,' and each of their, conduct, including but not limited to failing to pay their employees in compliance with the various provisions of the California Labor Code, including Plaintiffs and the Class Members, was and is unlawful and therefore amounts to violations of the Unfair Competition Law as the unlawful, unfair and fraudulent practices occurred in connection with Defendants,' and each of their, conduct of trade and commerce in California. Reasonable employees, consumers and business partners were likely to be deceived by Defendants,' and each of their, conduct as alleged above.

74.     Defendants,' and each of their, violations of California law, as alleged above, constitute business practices because they were done repeatedly over a substantial period of time. These practices were the result of policies that worked to the detriment of Class Members (as defined in Paragraph 11) because Class Members are not compensated and are unable to verify that Defendants are accurately compensating them for work performed.

75.     Due to these unfair, unlawful, deceptive and/or fraudulent business practices, Defendants, and each of them, have gained a competitive advantage over other comparable businesses doing business in the State of California because Defendants retain more profit by fraudulently underpaying their employees.

76.     Defendants were timely notified of these allegations and failed to correct their business practices.

18

77.     The Class Members, including Plaintiff, have suffered injury in fact as defined by this law, and have lost money or property as a result of Defendants' unfair business practices, and Defendants have reaped unfair benefits and illegal profits at Plaintiff's and Class Members' expense.

78.     Defendants' unfair business practices entitle the Plaintiff and the Class Members to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for and restore to the Class Members the compensation unlawfully withheld from them.

78.     Defendants', and each of their, violations of California law, as alleged above, constitute business practices because they were done repeatedly over a substantial period of time.  These practices were the result of policies that worked to Plaintiff's detriment as well as to the detriment of other persons and entities.  Plaintiff and the Class Members therefore seek an injunction enjoining Defendants, and each of them, from continuing to engage in the above-described unlawful acts.

79.     As a direct result of Defendants', and each of their, unlawful conduct as herein alleged, Defendants, and each of them, have been unjustly enriched.  Therefore, Plaintiff on behalf of himself and all other Class Members, and each of them, seek restitution and/or disgorgement of all sums wrongfully retained by Defendants, and each of them, during the statutory period.

80.     Plaintiff also requests an award of attorneys' fees, based on his vindication of a public interest and/or the Court's inherent equitable powers, in an amount to be established by proof at the time of trial.

## SEVENTH CAUSE OF ACTION

**(Breach of Oral Contract -  Plaintiff Individually and on Behalf of the Class Against All Defendants)**

81.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into

this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

82.     Within the limitations period, Mr. Motty and Defendants entered into an oral contract whereby Defendants agreed to employ Mr. Motty and Mr. Motty agreed to be employed by Defendants.

83.     The aforesaid agreements were made in light of and incorporated the provisions of existing labor law. *Lockheed Aircraft Corp. v. Superior Court* (1946) 28 Cal.2d 481, 486.

84.     Plaintiff is informed and believes that each of the Class Members entered into a similar agreement to be employed by Defendants during the Class Period.

85.     The Class Members including Plaintiff, have performed all conditions required to be performed by them under their agreements to be employed by Defendants.

86.     Defendants breached their employment agreements with Plaintiff and the Class Members in that they: (1) failed to pay Plaintiffs and Class Members all wages due them; (2) failed to pay the Class Members wages when due; (3) failed to pay the Class Members minimum wage; (4) failed to provide the Class Members with accurate wage and hour statements; (5) failed to pay the Class Members wages within the time required upon termination of their employment; and (6) violated the UCL.

87.     The Class Members, including Plaintiff, have suffered damages as a direct and proximate result of Defendants' breach of contract, in an amount according to proof.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff individually and on behalf of the Class identified in Paragraph 11 above, and on behalf of their fellow bus drivers, pray for judgment in their favor and against Defendants as follows:

1.     For payment of earned wages and interest thereon;

2.     For damages pursuant to Labor Code § 226;

3.     For waiting time penalties pursuant to § 203;

4.     For statutory penalties as awardable under all applicable Labor Code is including without limitation under §§ 226, 558, and 1194;

5.     For attorneys' fees pursuant to statute and under all available bases for an award of same;

6.     For preliminary and permanent injunctive relief prohibiting the Defendants from continuing the conduct complained of;

7.     For further injunctive relief, including but not limited to restitution and

DATED:  August 18, 2015.                    LAW OFFICES OF THOMAS W. FALVEY
                                            THE GILLAM LAW FIRM
                                            *A Professional Law Corporation*

                                            By: _____
                                                Michael H. Boyamian

                                            Attorneys for Plaintiff James Motty
                                            individually and on behalf of all others
                                            similarly situated


## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

DATED: August 18, 2015                      LAW OFFICES OF THOMAS W. FALVEY
                                            THE GILLAM LAW FIRM
                                            *A Professional Law Corporation*

                                            By: _____
                                                Michael H. Boyamian

                                            Attorneys for Plaintiff James Motty
                                            individually and on behalf of all others
                                            similarly situated

21

CLASS ACTION COMPLAINT OF JAMES MOTTY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

LAW OFFICES OF THOMAS W. FALVEY
Thomas W. Falvey, SBN 65744
Michael H. Boyamian, Esq. SBN 256107
550 North Brand Boulevard, Suite 1500, Glendale, CA 91203
TELEPHONE NO.: (818)547-5200     FAX NO.: (818)500-9307
ATTORNEY FOR (Name): James Motty

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

AUG 18 2015

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Motty v. First Student, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 591518 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 7
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 18 ,2015

Michael H. Boyamian
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: Motty v. First Student, Inc. | CASE NUMBER BC 5 9 1 5 1 8 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Motty v. First Student, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial<br>(31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential<br>(32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Motty v. First Student, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Motty v. First Student, Inc. | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| **REASON:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☐1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: Location where cause of action arose. |
|---|---|
| CITY: Los Angeles | STATE: CA    ZIP CODE: 90012 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __August 18 ,2015__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT** BC 5 9 1 5 1 8
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Amy D. Hogue | 307 | 1402 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ___AUG 18 2015___      SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)                                                    Kristina Vargas
LASC Approved 05-06                                         By _____, Deputy Clerk
For Optical Use

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:              FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
              (INSERT DATE)                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      ►  _____
     (TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)
Date:

_____      ►  _____
     (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____      ►  _____
     (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____      ►  _____
     (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____      ►  _____
     (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)
Date:

_____      ►  _____
     (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)
Date:

_____      ►  _____
     (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  
ATTORNEY FOR (Name):   FAX NO. (Optional):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

CASE NUMBER:

## STIPULATION – DISCOVERY RESOLUTION

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)  
LASC Approved 04/11    **STIPULATION – DISCOVERY RESOLUTION**    Page 1 of 3

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                                          (ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                                          (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                                          (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                                          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

**The following parties stipulate:**

Date: _____

Date: _____
_____       ➤       _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)

Date: _____
_____       ➤       _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date: _____
_____       ➤       _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date: _____
_____       ➤       _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date: _____
_____       ➤       (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____
_____       ➤       (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____
_____       ➤       (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Heather L. Shook<br>633 West Fifth Street, 63rd Floor<br>Los Angeles, CA 90071<br>214.443.4221 | STATE BAR NUMBER:<br>268716 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County Of Los Angeles<br><br>SEP 23 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Margo Webb, Deputy |
|---|---|---|

ATTORNEY FOR (Name): Defendant First Student, Inc.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
600 South Commonwealth Avenue, Los Angeles, CA 90005

PLAINTIFF/PETITIONER:
James Motty, individually and on behalf of all other similarly situated

DEFENDANT/RESPONDENT:
First Student, Inc.

| PEREMPTORY CHALLENGE TO JUDICIAL OFFICER<br>(Code Civ. Proc., § 170.6) | CASE NUMBER:<br>BC591518 |
|---|---|

BY FAX

| Name of Judicial Officer: (PRINT)<br><br>Kenneth Freeman | Dept. Number:<br><br>310 |
|---|---|
| ☑ Judge          ☐ Commissioner          ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: First Student, Inc.
_____
Name of Party

☐ Plaintiff/Petitioner          ☐ Cross Complainant
☑ Defendant/Respondent          ☐ Cross Defendant
☐ Other: _____

Dated: September 22, 2105
_____

_____
Signature of Declarant

Heather L. Shook
_____
Printed Name

1

## PROOF OF SERVICE

2        I am a resident of the State of California, over the age of eighteen years, and not a

3   party to the within action. My business address is 633 West 5th Street, 63rd Floor, Los Angeles, CA

4   90071. September 22, 2015 I served a copy of the within document(s):

5   **PEREMPTORY CHALLENGE TO JUDICAL OFFICER (CODE CIV.PROC.**
    **SECTION 170.6)**
6

7        ☐   **BY ELECTRONIC MAIL WHERE INDICATED:** Pursuant to C.R.C.
8            2060, I served the foregoing document described by emailing to it each of the
             aforementioned electronic mail addresses and the transmission was reported as
9            complete and without error. My email address is cward@litler.com.

             **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be
10           placed in the United States mail at Los Angeles, California. I am readily
             familiar with the practice of Littler Mendelson for collection and processing
11           correspondence for mailing. Under that practice, it would be deposited with the
        ☑    United States Postal Service on that same day with postage thereon fully
12           prepaid at Los Angeles, California in the ordinary course of business. I am
             aware that on motion of the party served, service is presumed invalid if postal
13           cancellation date or postage meter date is more than one day after date of
             deposit for mailing in affidavit.
14
             **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile
15           machine maintained by the office of the addressee(s) at the facsimile machine
             number(s) indicated. Said facsimile number(s) are the most recent numbers
16      ☐    appearing on documents filed and served by the addressee(s). I received
             electronic confirmation from the facsimile machine that said document was
17           successfully transmitted without error. A copy of said electronic confirmation
             is maintained in this office.
18
             **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of
19           Littler Mendelson for the collection and processing of correspondence for
             overnight delivery. I caused a true copy of the above named document to be
20      ☐    enclosed in a sealed envelope, with delivery fees provided for, in an overnight
             delivery service pick up box or office designated for overnight delivery, and
21           addressed as set forth above.

22           **BY PERSONAL SERVICE** by messenger service. I caused said documents to
             be served by having a professional messenger service, PRO COURIER,
23      ☐    personally deliver them to the persons at the addresses listed below. (A
             confirmation document by the professional messenger service will be retained
24           in our office.)

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Motty v. First Student                                    1.

1

2      Law Offices of Thomas W. Falvey          THE GILLAM LAW FIRM
       Thomas W. Falvey, SBN:256107            *A Professional Law Corporation*
3      Michael H. Boyamian, SBN: 256107        CAROL L. GILLAM (SBN 102354)
       550 North Brand Blvd., Suite 1500       SARA HEUM (SBN 288136)
4      Glendale, CA 91203                       11620 Wilshire Blvd, Suite 900
       Telephone: 818-547-5200                  Los Angeles, CA 90025
5                                               Telephone: (310) 203-9977
                                                Fax( 310) 203-9922
6

7

8          I am readily familiar with the firm's practice of collection and processing

9   correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

10  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, thereon

    fully prepaid in the ordinary course of business.
11
           I declare under penalty of perjury under the laws of the State of California that the
12
    above is true and correct. Executed on September 22, 2015 at Los Angeles, California.
13

14

15

16  _____

17                                      Carolyn Ward

18

19

20  Firmwide:136013774.1 070991.1116

21

22

23

24

25

26

27

28

Motty v. First Student                          2.

PROOF OF SERVICE

RECEIVED
SEP 2 3 2015

1   THEODORE R. SCOTT, Bar No. T08849
    DAVID J. DOW, Bar No. 179407
2   MISHELL P. TAYLOR, Bar No. 256850
    LITTLER MENDELSON, P.C.
3   501 W. Broadway
    Suite 900
4   San Diego, CA 92101.3577
    Telephone: 619.232.0441
5

6   HEATHER L. SHOOK, Bar No. 268716
    LITTLER MENDELSON, P.C.
7   633 West 5th Street
    63rd Floor
8   Los Angeles, CA 90071
    Telephone: 213.443.4300
9

10   Attorneys for Defendant
    FIRST STUDENT, INC.
11

12           SUPERIOR COURT OF THE STATE OF CALIFORNIA

13             COUNTY OF LOS ANGELES – CIVIL COMPLEX

14   JAMES MOTTY, an individual,
    individually and on behalf of all others
15   similarly situated,

16           Plaintiff,

17       v.

18   FIRST STUDENT INC., an entity and
    DOES 1 through 100, inclusive,
19
          Defendant.
20

Case No. BC591518

**[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION FOR
PEREMPTORY DISQUALIFICATION**

**[CODE OF CIVIL PROCEDURE § 170.6;
GOVERNMENT CODE § 68616(I)]**

ASSIGNED FOR ALL PURPOSES TO
JUDGE KENNETH FREEMAN, DEPT. 310

Trial Date: None
Complaint Filed: August 18, 2105

**BY FAX**

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

Firmwide:136038070.1 070991.1116

PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR PEREMPTORY DISQUALIFICATION

1

**ORDER**

2       Defendant FIRST STUDENT, INC. ("Defendant"), by and through its counsel of record,

3  filed a Motion For Peremptory Disqualification and supporting declaration under Code of Civil

4  Procedure section 170.6 against the Honorable Kenneth Freeman.   Pursuant to Code of Civil

5  Procedure section 170.6, Honorable Kenneth Freeman is removed from this case and the case is sent

6  back to the Presiding Judge for reassignment.

7       **IT IS SO ORDERED.**

8

9       Dated: _____, 2015

10                                                              _____
                                                               JUDGE OF THE SUPERIOR COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:136038070.1 070991.1116

PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR PEREMPTORY DISQUALIFICATION