O

# United States District Court
# Central District of California

| | |
|---|---|
| JAMES MOTTY, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FIRST STUDENT, INC.; and DOES 1–100, inclusive,<br><br>　　　　　Defendants. | Case No. 2:15-CV-7463-ODW (E)<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION [29]** |

## I.   INTRODUCTION

Plaintiff James Motty, a former bus driver for Defendant First Student, Inc., moves to certify a class consisting of all Pasadena Yard school bus drivers employed by First Student since November 19, 2007. (Mot. for Class Cert. ("Mot.") 3, ECF No. 29.) Plaintiff asserts that First Student's drivers are paid based on the activities they perform and not the hours they worked, and that this activity-based pay plan does not account for rest breaks or non-driving tasks, as required by California law. Plaintiff also contends that the drivers' wage statements did not comply with California law. First Student argues that Plaintiff lacks any evidentiary support for his claims and cannot establish any of the requisite elements for class certification. For the reasons

discussed below, the Court **DENIES** Plaintiff's Motion for Class Certification.[1] (ECF No. 29.)

## II. FACTUAL BACKGROUND

First Student is no stranger to this Court, and neither are Plaintiff's class claims. This Court previously declined to certify a class in a virtually identical prior action against First Student. *Vasquez v. First Student, Inc.*, No. 2:14-CV-06760-ODW EX, 2015 WL 1125643 (C.D. Cal. Mar. 12, 2015). Similarly, in *Bowers v. First Student, Inc.*, No. 2:14-CV-8866-ODW EX, 2015 WL 1862914 (C.D. Cal. Apr. 23, 2015), another First Student bus driver brought the same claims on behalf of a putative class. The Court, however, struck Bowers' class claims after the plaintiffs in that action (and their counsel, the same plaintiff's counsel appearing here) failed to either timely move for class certification or ask for an extension. *Id.* at *1.

With ample attention paid to the facts in those matters, the Court deems it unnecessary to rehash the same underlying facts.[2] Suffice it to say, First Student is a transportation company providing school bus services to school districts across the country. (Mot. 3; Opp'n 5, ECF No. 31.) The drivers operating out of First Student's Pasadena, California location provide busing services for both special education students and traditional education students throughout the academic year. (Opp'n 5.) During the 2011–12 school year, First Student employed approximately 4,000 drivers across California. (Deposition of Elizabeth Sanchez ("Sanchez Depo.") at 13:12–17, Compendium of Evidence in Supp. of Class Cert. ("Plf.'s COE"), ECF No. 29.) At issue are the methods by which First Student calculates its employees' wages, as well as what tasks are allegedly performed without compensation. (*See* Compl., Not. of Removal, Ex. 1, ECF No. 1-1.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] See *Vasquez*, 2015 WL 1125643, at *1–2, for a detailed recitation of First Student's operations and written policies.

### III. PROCEDURAL HISTORY

On August 18, 2015, Plaintiff filed his original class action complaint in the Los Angeles Superior Court, alleging causes of action for: (1) willful failure to pay regular wages, Cal. Lab. Code §§ 201–03; (2) failure to pay wages when due, *id.* § 204; (3) failure to pay the required minimum wage, *id.* §§ 1194, 1194.2, 1198; Wage Order No. 9-2001; (4) failure to furnish accurate wages; (5) waiting time penalties, Cal. Lab. Code §§ 201–03; (6) Unfair Competition, Cal. Bus. & Prof. Code § 17200; and (7) breach of oral contract. (Compl.) First Student removed the action to this Court on September 23, 2015. (Not. of Removal, ECF No. 1.)

The parties stipulated to an extension of time for Plaintiff to conduct discovery and to move for class certification, which the Court granted. (ECF Nos. 24–25.) On February 22, 2016, Plaintiff filed this Motion proposing to certify a class consisting of: "All current and former bus drivers who were employed by First Student at its Pasadena Yard since November 19, 2007. The Pasadena Yard includes at least three locations, known as the Montana Lot, the Lincoln Lot, and the South Lot." (Mot. 3.) First Student timely opposed (ECF No. 31), and Plaintiff timely replied (ECF No. 33). In addition to its Opposition, First Student moved to strike Plaintiff's evidence in support if his Motion, and Plaintiff filed his own objection to the strike motion. (ECF Nos. 30, 32.) The matter is now before the Court for decision.

### IV. LEGAL STANDARD

Under Federal Rule of Civil Procedure 23(a), a party seeking class certification must initially meet four requirements:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

1
2
   (4) the representative parties will fairly and adequately protect the interests of the class.

3
4
5
6
7
8
 The proposed class must also satisfy at least one of the three requirements listed in Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 346 (2011). Rule 23(b)(3) states that a class may be maintained where "questions of law or fact common to class members predominate over any questions affecting only individual members," and a class action would be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

9
10
11
12
13
14
15
 The plaintiff bears the burden of demonstrating that the putative class satisfies each of Rule 23(a)'s elements along with one component of Rule 23(b). *Conn. Ret. Plans & Trust Funds v. Amgen Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011). In that regard, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350.

16
17
18
19
20
21
22
23
24
25
26
 A district court must perform a "rigorous analysis" to ensure that the plaintiff has satisfied each of Rule 23(a)'s prerequisites. *Id.*; *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011). In many cases, "that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Dukes*, 564 U.S. at 350. When resolving such factual disputes in the context of a class-certification motion, district courts must consider "the persuasiveness of the evidence presented." *Ellis*, 657 F.3d at 982 (holding that a district court must judge the persuasiveness and not merely the admissibility of evidence bearing on class certification). Ultimately the decision to certify a class reposes within the district court's discretion. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

27
28

## V. DISCUSSION

A failure to meet one of Rule 23's requirements dooms a litigant's class certification request. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (plaintiff bears burden of affirmatively satisfying each element of the Rule 23 analysis); *see also Dukes*, 564 U.S. at 350. Because the Court finds that Plaintiff's counsel has not met the adequacy requirement, the Court need not address the other Rule 23 elements. Plaintiff has failed to show that his counsel can adequately fight for the interests of those similarly situated, as counsel's track record in this action and those related show a clear inability to diligently represent the interests of their client or the putative class members.

Rule 23's adequacy requirement asks Plaintiff to demonstrate that he and his counsel will "adequately protect the interests of those absent class members [he] purport[s] to represent." *Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Grp. L.P.*, 247 F.R.D. 156, 177 (C.D. Cal. 2007). This requirement aims to protect all members' constitutional due process rights, as "absent class members must be afforded adequate representation before entry of a judgment that binds them." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Resolution of two questions determines legal adequacy: (1) does the named plaintiff and his or her counsel have any conflicts of interest with other class members; and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class? *Id.* (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir.1978)).

While First Student also challenges the adequacy of Plaintiff as class representative, the Court finds no conflict of interest to preclude him serving in such a role. Though it does appear that Motty has not been adequately prepared for the litigation journey ahead,[3] his lack of preparedness is not, alone, enough to conclude

---

[3] In his deposition testimony, Motty admits that he has not read the complaint that bears his name, only vaguely knows that the suit deals with "wages," and does not understand the role or responsibilities attendant to class representation. (Deposition of James Motty ("Motty Dep.") at 20:2–21:6, Def's Compendium of Evidence ("Def's COE), Dow Decl. Ex. A, ECF No. 31.) Per

that he is an inadequate representative. *See Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 249 (C.D. Cal. 2006) (noting that evidence of a plaintiff's lack of familiarity with the proceedings alone will not violate Rule 23(a)(4)) (citing *Byes v. Telecheck Recovery Servs., Inc.*, 173 F.R.D. 421, 429 (E.D. La. 1997)). Plaintiff was a bus driver in the Pasadena lot throughout the class period, and even if he cannot articulate the legal claims at issue, he does have personal experience regarding the allegations and "at the least a general familiarity with the case." *Jimenez*, 238 F.R.D. at 249.

As to Plaintiff's counsel, however, the Court finds Rule 23(a)(4) unsatisfied. Class counsel must pursue the litigation "vigorously," and while "there are no fixed standards by which 'vigor' can be assayed, considerations include competency of counsel." *Hanlon*, 150 F.3d at 1021. Courts should look to "the actual progress of the proceedings to that point," including evidence of delays in seeking class certification, failures to timely prosecute the litigation, and any failures to comply with reasonable disclosure obligations or discovery requests. *Kandel v. Brother Int'l Corp.*, 264 F.R.D. 630, 634 (C.D. Cal. 2010) (citing *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977) (failure to move for class certification before trial indicated that representative was inadequate); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130–31 (1st Cir. 1985) (long delay in prosecution of case demonstrates plaintiff's indifference to protecting class interests); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir. 1981) (failure to conduct adequate discovery in preparation for trial rendered representation inadequate)). Courts should also consider the quality of counsel's work up to that point in the litigation. *Sweet v. Pfizer*, 232 F.R.D. 360, 371 (C.D. Cal. 2005).

---

Plaintiff, his main concern is that his wages are not "itemized," so therefore he cannot know for certain if he was paid for all work performed—yet he also cannot know for certain that he was *not* paid for his services. (*Id.* at 20:2–25, 157:7–158:7.)

As detailed above, wage and hour claims against First Student are far from new in this Court. Bus driver Imelda Vasquez first brought such claims in August 2014 and, after this Court denied class certification in March 2015 and parties failed to appear for the final pretrial conference, the case was dismissed and Vasquez appealed this Court's class certification order. *See Vasquez v. First Student, Inc.*, 2:14-cv-06760-ODW-E (C.D. Cal.), ECF Nos. 44, 47, 48. Similarly, Corliss Bowers (also a First Student bus driver) raised the same wage and hour claims in his complaint. *See* Compl., *Bowers v. First Student, Inc.*, 2:14-cv-08866-ODW-E (C.D. Cal. Oct. 21, 2014), ECF No. 1. Bowers failed to file a timely motion for class certification, and the Court thus struck the class and Private Attorney General Act allegations from his complaint. *Bowers*, ECF No. 23 (Apr. 23, 2015).

Five months after denying class certification in *Vasquez* and four months after striking the class allegations in *Bowers*, the plaintiff in this action, James Motty, filed suit. (ECF No. 1, Ex. A.) Again, the wage and hour claims are strikingly similar. Counsel in both this action and the *Bowers* action are one and the same. Counsel have also filed wage and hour actions against First Student on behalf of drivers Shade Chapman and Manuel Chavez in two related actions filed in June 2016, both of which are also pending before this Court. *See* Compl., *Chapman v. First Student, Inc.*, 2:16-cv-04031-ODW-E (C.D. Cal. June 6, 2016), ECF No. 1; Compl., *Chavez v. First Student, Inc.*, 5:16-cv-01269-ODW-E (C.D. Cal. June 14, 2016), ECF No. 1. In neither action did plaintiffs' counsel manage to file a timely motion for class certification—or even ask for an extension before the deadline—just as in *Bowers*.

That Plaintiff's counsel filed this putative class action after another firm's attempt failed, has offered no distinguishing facts to support a different result here, and did not timely move for class certification in three of their four related cases against First Student does not give the Court much confidence in the quality of their representation.

Yet it is their actions in the instant case that gives the Court the greatest pause. Counsel has not abided by the Court's meet-and-confer requirements. (Declaration of David Dow ("Dow Decl.") ¶¶ 2–3, Def.'s COE, Ex. 1, ECF No. 31.) Nor has counsel taken advantage of the additional time to conduct class-related discovery before filing this Motion; even with a sixty-day extension to move for class certification, Plaintiff's counsel made no discovery requests. (*See* ECF Nos. 24–25; Dow Decl. ¶ 6.) The only deposition testimony offered in support of the motion at bar comes from First Student's deposition of Plaintiff and four-year-old depositions from a related state court action. (*See* Dow Decl. ¶ 7; Plf's COE, Exs. 8–9.) Plaintiff's only declaration in support of their theory comes from their single named plaintiff, and they offer no corroborating testimony from other drivers in the class. (*See* Motty Decl., Plf's COE, Ex. 3.) Moreover, if these examples were not enough to show a lack of due diligence, Plaintiff's failure to even make initial disclosures surely cements counsel's inadequacy.[4] (*See* Def.'s Mot. to Strike Evidence in Support of Plf.'s Motion for Class Cert. 1, ECF No. 30.)

In response, Plaintiff's counsel simply states that they have experience litigating class actions, but does not address First Student's arguments relating to the case at bar. (*See* Reply 5, ECF No. 33.) Just because Plaintiff's counsel has a history pursuing class actions does not mean the work currently before the Court is of sufficient quality to ensure that the class members' rights and interests will be properly protected. In sum, because Plaintiff's counsel will not adequately serve the interests of the class members they seek to represent, the Court **DENIES** Plaintiff's Motion for Class Certification. (ECF No. 29.)

//

//

//

---

[4] What is more, Plaintiff's counsel even admits that they did not make the required disclosures, and instead rest on the argument that their failures are harmless. (Plf.'s Opp'n to Mot. to Strike 1–2, ECF No. 32.)

8

## VI.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Class Certification. (ECF No. 29.)

**IT IS SO ORDERED.**

August 26, 2016

_____
                **OTIS D. WRIGHT, II
                UNITED STATES DISTRICT JUDGE**